Rose, C. J.,
with whom Maupin and Douglas, JJ., agree, concurring:
For the reasons stated in my concurring and dissenting opinion in Summers v. State,[1]1 believe that capital defendants have a Sixth Amendment right to confront the declarants of testimonial hearsay statements admitted throughout an unbifurcated capital penalty hearing. Where the hearing is bifurcated into death-eligibility and selection phases, however, I believe that the right to confrontation extends only to evidence admitted during the eligibility phase. Here, because the evidence at issue in Johnson’s case — inmate disciplinary reports — was admitted during the selection phase only, I concur in the majority’s conclusion that it was not error under the Confrontation Clause and Crawford v. Washington[2] to admit the reports into evidence.

 122 Nev. 1326, 148 P.3d 778 (2006).

 541 U.S. 36 (2004).